Judge Underwood
delivered the opinion of the court.
Owest filed his bill in the Livingston circuit court, against Jesse Rice and others, as heirs of J ames W atkins deed, setting forth a conveyance by deed, with general warranty, of two hundred acres of land, from the heirs of said Watkins, to him. The bill charges, that the land lies in Livingston county; that Henry Banks, (also made a defendant) had a paramount claim to part of it; and that he had “threatened to bring suit against the complainant, and evict him from the premises.” 1 The complainant states, that he had held said land about twelve months “'peaceably,” before Banks made his threat». *143 The bill charges, that the complainant had paid $400 for the land, and that part of the vendors were out of the state. The prayer of the bill required defendant, Banks, to exhibit his title, and that the heirs of Watkins might exhibit theirs; and if it should turn out that Banks held the superior claim, that the damage to the complainant, might be assessed and decreed in his favor, against his vendors. The court decreed against the heirs of Watkins, $230, having caused a survey to be made, from which it would seem, that Bank’s claim covered about one hundred acres of the two hundred, sold to the complainant.
Chancellor ■will not take cognizance of a bill, filed by the holder of a deed for land, with covenant of general warranty, upon suggestion, that suit is threatened by adverse claimant, & prayer that titles may be examined, & damages assessed against the warrantor, should his title prove inferior. Nor is such action local.
There are several insuperable objections to this decree.
1st. The allegations of the bill, do not present a ease of which the chancellor had jurisdiction.
The complainants remedy, in case the land should be recovered from him by Banks, is upon the warranty in his deed. He has not attempted to shew by any allegation, that his remedy would be ineffectual. The non-residence of a part of the vendors, cannot have that effect. He does not propose a recision of the contract upon the ground of fraud or mistake, in the execution of the deed.
2d. None of the defendants reside in Livingston county. It appears from the record, that no subpoena was directed to the sheriff of the county. On the contrary, all the subpoenas which were executed, were directed to the sheriffs of other counties. The action attempted to be sustained, was not local. The court should, therefore, ex ojicio, have dismissed the bill, for want of jurisdiction. The appointment of a guardian, ad litem, for the infant children of one of the vendors, who died pendente lite, and whose heirs and representatives, were brought before the court by an amendatory bill, and a subpoena, directed to another county; and the answer of such infants, by their guardian, could not give jurisdiction to the Livingston circuit court.
For these reasons, without noticing other errors tvhich exist, the decree of the circuit court must be *144 reversed, and the cause remanded, with directions to dismiss the bill, for want of jurisdiction.
Deñny, for plaintiffs; Crittenden, for defendants
plaintiffs must recover their costs.